FILED

**NOT FOR PUBLICATION**

MAY 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS A. DAVENPORT, Jr., | No. 14-35360 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05067-KLS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted May 5, 2015[**]

Before:   THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Thomas A. Davenport, Jr., appeals the district court's judgment affirming

the Commissioner of Social Security's denial of Davenport's application for

disability insurance benefits and supplemental security income under Titles II and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The administrative law judge (ALJ) was not obligated on remand to seek additional medical expert testimony or further develop the record regarding Davenport's mental health impairments because the administrative record was adequate and the evidence regarding Davenport's functional limitations was not ambiguous. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In accordance with the remand order, the ALJ specifically considered Davenport's mental health impairments and the opinion of Dr. Norma Brown. The ALJ concluded, at step two of the sequential evaluation process, that Davenport's anxiety and depressive disorder qualified as severe impairments.

Although Dr. Katrina Higgins suggested that the exact nature of Davenport's difficulties needed to be confirmed through further evaluation, her opinion did not identify any ambiguity as to the severity of Davenport's symptoms or Davenport's ability to function. To the contrary, Dr. Higgins opined that Davenport had minimal impairment in his ability to withstand the stress and pressures associated with day-to-day work activities, and that his apparent mental health symptoms were not a primary barrier to employment.

Similarly, Dr. Daniel Neims, who opined that the role of the psychological factors in Davenport's chronic pain could not be determined without further review, expressed ambiguity only as to the source of Davenport's symptoms, rather than to Davenport's functional abilities. The ALJ reasonably rejected Dr. Neims's opinion that Davenport had marked limitations, not because it was ambiguous, but on the permissible ground that it was unsupported and inconsistent with other evidence in the record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (permitting the ALJ to reject a medical opinion not supported by objective findings).[1]

Finally, the ALJ satisfied her duty to consider the combined effect of Davenport's impairments on his functioning. Davenport's physical and mental limitations properly formed the basis of the ALJ's residual functional capacity assessment and the ALJ's hypothetical questions to the vocational expert.

**AFFIRMED.**

---

[1] Davenport contends, for the first time on appeal, that the ALJ was required to obtain medical expert testimony because Social Security Rule 96-6p mandates the use of an updated opinion from a medical expert for a determination on medical equivalence at step three of the sequential evaluation. This contention is waived. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 n.7 (9th Cir. 2001).